**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No.** |
| v. | ) ) | **COMPLAINT** |
| **DSW, INC.,** | ) ) ) | **JURY DEMAND** |
| **Defendant.** | ) ) | |

**NATURE OF THE ACTION**

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age and in retaliation for opposing discriminatory practices and to provide appropriate relief to Charging Parties Coletta Robertson, Debra Garner, Jayne McGrath, Kenn Kulpinski, Maria Potts, Melissa Coffey, and Patricia Murar ("Charging Parties"), and a class of former employees who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant DSW, Inc. ("DSW" or "Defendant") violated the ADEA 1) by terminating Charging Parties because of their age or because they opposed discrimination on the basis of age, and 2) by terminating a class of employees over the age of 40 years old during a reduction in force because of their age. As alleged with greater particularity in paragraphs 8 and 9 below, the evidence will establish that Defendant discriminated against, retaliated against, and terminated employees within the protected age group in violation of the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has been continuously doing business in the State of Illinois and the City of Chicago, and has continuously had at least twenty (20) employees.

5. At all relevant times, DSW has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days before the institution of this suit, Charging Party Coletta Robertson filed a charge with the EEOC alleging that DSW violated the ADEA. All of the other

Charging Parties identified above also filed timely charges of discrimination with EEOC alleging that they had each been discriminated against on account of their age.

7. All conditions precedent to the institution of this suit have been fulfilled.

8. Since at least January 2007, Defendant engaged in unlawful employment practices against its Midwest Region Employees and Corporate Home Office Employees in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a). These unlawful practices include, but are not limited to, either directly or implicitly, terminating and/or instructing its managers to terminate, the employment of employees in the protected age group.

9. Since at least January 2007, DSW engaged in unlawful employment practices against its Midwest Region Employees and Corporate Home Office Employees, in violation of Section 4 (d) of the ADEA, 29 U.S.C. § 623(d). These unlawful practices include, but are not limited to, terminating some Corporate Home Office Employees and/or Midwest Region Employees in retaliation for engaging in protected activity including, but not limited to, refusing to terminate employees because of their age after being instructed to do so by management.

10. The effect of the practices complained of in ¶¶ 8 and 9 above has been to deprive Charging Parties and a class of employees in the protected age group of equal employment opportunities and otherwise adversely affect their status as employees, because of their age.

11. The effect of the practices complained of in ¶¶ 8 and 9 above has been to deprive Charging Parties and a class of employees in the protected age group of equal employment opportunities and otherwise adversely affect their status as employees, in retaliation for engaging in protected activity.

12. The unlawful employment practices complained of in ¶¶ 8 and 9 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age against individuals in the protected age group.

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against any employee for opposing any practice made unlawful by the ADEA or for filing a charge, testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under the ADEA.

C.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals in the protected age group, and which eradicate the effects of its past and present unlawful employment practices.

D.  Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages were unlawfully withheld as a result of the acts complained of above, including but not limited to Charging Parties and a class of employees in the protected age group.

E.  Grant a judgment requiring Defendant to pay appropriate compensatory and punitive damages in an amount to be determined at trial to individuals who were terminated in retaliation for opposing practices complained of above, including but not limited to Charging Parties and a class of employees in the protected age group.

F. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement, or in the alternative, front pay, as well as, back pay, prejudgment interest, the value of lost benefits and liquidated damages, to Charging Parties and a class of employees in the protected age group.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: September 15, 2014　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　P. DAVID. LOPEZ
　　　　　　　　　　　　　　　　　　　　General Counsel

　　　　　　　　　　　　　　　　　　　　JAMES L. LEE
　　　　　　　　　　　　　　　　　　　　Deputy General Counsel

　　　　　　　　　　　　　　　　　　　　GWENDOLYN YOUNG REAMS
　　　　　　　　　　　　　　　　　　　　Associate General Counsel

　　　　　　　　　　　　　　　　　　　　U.S. Equal Employment Opportunity Commission
　　　　　　　　　　　　　　　　　　　　131 M. Street, N.E.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20507

　　　　　　　　　　　　　　　　　　　　/s/ John C. Hendrickson
　　　　　　　　　　　　　　　　　　　　John C. Hendrickson
　　　　　　　　　　　　　　　　　　　　Regional Attorney

　　　　　　　　　　　　　　　　　　　　/s/ Diane I. Smason
　　　　　　　　　　　　　　　　　　　　Diane I. Smason
　　　　　　　　　　　　　　　　　　　　Supervisory Trial Attorney

　　　　　　　　　　　　　　　　　　　　/s/ Jeanne B. Szromba
　　　　　　　　　　　　　　　　　　　　Jeanne B. Szromba
　　　　　　　　　　　　　　　　　　　　Trial Attorney

/s/ Laura Feldman
Laura Feldman
Trial Attorney


U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8122
jeanne.szromba@eeoc.gov