IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DSW, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 14 CV 07153 <br> ) <br> ) Judge Gary Feinerman <br> ) Magistrate Judge Michael T. Mason <br> ) |

## CONSENT DECREE

## THE LITIGATION

Plaintiff Equal Employment Opportunity Commission (hereinafter the "EEOC") has instituted this action alleging that Defendant DSW Inc. (hereinafter, "DSW") discriminated against Charging Parties Coletta Robertson, Debra Garner, Jayne McGrath, Kenn Kulpinski, Maria Potts, Melissa Coffey, and Patricia Murar, and a class of former employees, in violation of the Age Discrimination in Employment Act of 1967 ("the ADEA") by terminating the employment of employees over the age of 40 years old, during a reduction in force, and by retaliating against employees who opposed discrimination on the basis of age. Had DSW filed an Answer in this case, it would have denied all of the allegations in the EEOC's Complaint. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be immediately resolved by entry of this Consent Decree (hereafter "Decree").

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is

ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

I. **JURISDICTION**

This Court has jurisdiction over the parties and the subject matter of this action.

II. **FINDINGS**

**A.** The purposes of the ADEA and the public interest will be furthered by the entry of this Decree.

**B.** The terms of this Decree constitute a fair and equitable settlement of this action.

III. **SCOPE**

The EEOC agrees that it will not bring any further claim against DSW based on the charges underlying this lawsuit. By entering into this Decree the parties do not intend to resolve any charges of discrimination currently pending before the EEOC other than the charges that created the procedural foundation for the complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation. In addition, the EEOC agrees that this Decree constitutes a successful conciliation of the charge filed by Kenn Kulpinski (Charge No. 440-2009-04048). Except where otherwise specified, the scope of this Decree shall be DSW's field personnel in DSW's Midwest Region and DSW's Corporate Home Office employees.

IV. **TERM**

**A.** The Term of this Decree and all obligations hereunder shall be three (3) years from the Effective Date hereof. The Effective Date shall be the date that the District Court approves and enters this Consent Decree.

**B.** During the term of the Consent Decree, the Court shall retain jurisdiction of this cause for purposes of compliance and any disputes that may arise hereunder.

V. **INJUNCTION**

**A.** DSW and its officers, agents, management (including supervisory employees),

successors and assigns, are hereby enjoined from discriminating based upon age in violation of the ADEA; and

**B.** DSW and its officers, agents, management (including supervisory employees), successors, and assigns, shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADEA, filed a Charge of Discrimination under the ADEA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADEA, or asserted any rights under this Decree.

## VI. POLICIES AND TRAINING

**A.** Within thirty (30) days after the Effective Date, DSW will revise its anti-discrimination policy so that it will provide, among other things:

(1) procedures detailing how employees make verbal or written internal complaints of age discrimination or retaliation;

(2) procedures for timely investigation of said complaints;

(3) procedures for providing appropriate notice to those alleging age discrimination or retaliation of the results of any investigation;

(4) acknowledgment that timely investigation of complaints of age discrimination and/or retaliation are an expectation of DSW's management personnel and that violation of the policy can lead to discipline up to and including termination;

(5) an explanation of the disciplinary actions, up to and including termination, that the Company may take for failure to respond to a complaint of discrimination or retaliation and/or for those responsible for discrimination or retaliation; and

(6) a statement prohibiting retaliation against employees who assert claims of age discrimination, participate in an investigation of such complaint, and/or in any way oppose conduct they believe to constitute age discrimination.

If the EEOC has no objection to said policy, the policy will be disseminated to all employees within 90 days after the Effective Date, including new employees upon hire.

**B.** During the term of the Decree, on an annual basis, DSW will train all of Corporate Home Office management personnel and store-level managers in the Midwest Region (i.e., store managers and assistant store managers) on the law against age discrimination using the Navex Global web-based training tool previously submitted to the EEOC for approval, although such training may cover other statutes and prohibited conduct as well. The training shall also include information about federal law prohibitions on retaliation against employees for participation in protected activity or opposition to discriminatory conduct. The management training shall be an on-line, interactive training program developed to address equal employment opportunity generally, and age discrimination and retaliation specifically. After this first management training session, if DSW changes the format or content of the training in any material respect, it shall provide the revised agenda and training materials to the EEOC at least 30 days before the subsequent training sessions, and such training shall be subject to the EEOC's approval. DSW may not use a management training program, agenda or materials not approved by the EEOC. The training will be conducted on an incremental basis, with the first such training being held within 90 days after the Effective Date. DSW will have trained 50% of the employees subject to this provision within six (6) months of the Effective Date, and the remaining 50% of the employees subject to this provision trained within twelve (12) months of the Effective Date.

**C.** Within 180 days of the EEOC approving DSW's training program in this paragraph (VI.C.), DSW will train all of its Illinois Store Associates on their rights as employees to be free from age discrimination and retaliation under the ADEA. Such training will be conducted in person by DSW Human Resources or Learning Resource Center team members

hired after 2010, and shall orient employees to DSW's process for making complaints about workplace conditions, retaliation, discrimination or harassment. Employees must also be provided with contact information for individuals to whom they may pose questions and receive responses related to the training. An agenda for the training and training materials will be provided to the EEOC within ten (30) days of the Effective Date. The EEOC will have the opportunity to comment on the agenda and suggest changes to the agenda and the materials within ten (10) days of receipt. The EEOC shall be notified of the time and date of each scheduled training session and an EEOC representative will be entitled to attend all training sessions relating to employment discrimination held pursuant to this Decree.

**D.** For the duration of the Decree, DSW agrees to include an age discrimination and retaliation section in its Illinois Sales Associate new-hire training, and also to ensure all Illinois Sales Associates receive a copy of DSW's Handbook containing its anti-discrimination and anti-harassment provisions on an annual basis.

**E.** As part of the training held under this Decree, DSW's CEO shall provide a written statement that will be included in the training materials that shall state that DSW takes its obligations under all EEO laws and prohibitions seriously and that states DSW's policy of non-retaliation protects individuals who oppose acts made unlawful by federal EEO laws and individuals who participate in protected activity under federal EEO laws.

## VII. POSTING TO EMPLOYEES

DSW shall post the Notice attached as Exhibit A in each of its facilities covered by this Decree in the Midwest Region and Corporate Home Office. Such notices shall be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree. DSW shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## VIII. RECORDKEEPING AND REPORTING

**A.** For a period of three (3) following entry of this Decree, DSW shall maintain and make available for inspection and copying by EEOC records of each complaint of retaliation or age discrimination made by employees in the Midwest Region and Corporate Home Office, including name, age, date of birth, address, and telephone number of the complainant, a description of the complaint, and the resolution of the complaint.

**B.** On a semi-annual basis for three years following the Decree, DSW shall provide the EEOC with a list of all complaints of retaliation or discrimination made by employees in the Midwest Region and Corporate Home Office, on the basis of age made during that period with a description of the allegation made, including: (1) the name, age, date of birth, address, and telephone number of the complaining party; (2) a description of the facts of the complaint; and (3) a description of DSW's actions in response to the complaint. Upon the EEOC's request, DSW shall make the underlying documents or records available to the EEOC within ten days of request. As part of the report, DSW will also certify that the Notices required to be posted in Paragraph VII, above, remained posted during the entire six (6) month period preceding the report. The final report shall be due one month prior to the expiration of the Decree.

**C.** Within 30 days of the completion of the training sessions contemplated by Section VI. B and C, DSW shall certify to the EEOC in writing a) the dates of the training; b) a registry of attendance for the training including the name and position of each person attending the training; and c) a certification that all employees covered by the aforementioned training sections did, in fact, complete their training.

**D.** Nothing contained in this Decree shall be construed to limit any obligation DSW may otherwise have to maintain records under the ADEA or any other law or regulation.

**E.** Reports and other submissions shall be emailed to Laura Feldman at

6

Laura.Feldman@eeoc.gov and Jeanne Szromba and Jeanne.Szromba@eeoc.gov.

### IX. MONETARY REMEDY

**A.** DSW agrees to pay the gross aggregate sum of $900,000 ("Settlement Fund") to be distributed among all Eligible Claimants (as the term is defined in sub-section G) and/or the charity designated in sub-section H.4., as specified below.

**B.** Within 30 days of the entry of the Decree, DSW shall establish the Settlement Fund containing the $900,000. The Settlement Fund will be administered by Garden City Group, a Claims Administrator, paid by DSW. The Claims Administrator will be responsible for undertaking best efforts to locate the proper addresses of potential Eligible Claimants, mailings to Eligible Claimants, payments to Eligible Claimants, and management of the Settlement Fund.

**C.** "Potential Eligible Claimants" are (1) Corporate Home Office employees who were terminated by Defendant between 2007 and 2010, due to what DSW described as "reorganization" or "lack of work," and who were aged 40 or older at the time of their termination; and (2) Midwest Region employees who were terminated by Defendant between 2007 and 2010, due to what DSW described as "reorganization" or "lack of work," and who were aged forty or older at the time of their termination; (3) Janice Royster; and (4) Charging Parties Coletta Robertson, Debra Garner, Jayne McGrath, Kenn Kulpinski, Melissa Coffey, Maria Potts, and Patricia Murar.

**D.** A portion of the Settlement Fund shall be distributed to the following eight "Named Claimants" as follows:

1. Charging Party Debra Garner shall receive the gross sum of $73,200:
2. Charging Party Jayne McGrath shall receive the gross sum of $91,100:
3. Charging Party Kenn Kulpinski shall receive the gross sum of $90,800:
4. Charging Party Patricia Murar shall receive the gross sum of $66,050:

5. Charging Party Coletta Robertson shall receive the gross sum of $87,850:

6. Charging Party Maria Potts shall receive the gross sum of $4,500:

7. Charging Party Melissa Coffey shall receive the gross sum of $7,000:

8. Janice Royster shall receive the gross sum of $25,000.

**E.** The payments to the Named Claimants shall be in the form of two checks for each Named Claimant. Half of the settlement amount paid to each Claimant shall be allocated as back wages subject to all required withholdings, and the other half of each Claimant's payment will be allocated to a non-wage recovery.

**F.** The remaining portion of the Settlement Fund not allocated to the Named Claimants above shall be allocated equally among the remaining potential Eligible Claimants (the "Class Settlement Fund"). Each Eligible Claimant (other than the Named Claimants, discussed in Section D above) shall receive $4,500 in the form of back pay with all required withholdings. Within 10 days of the Effective Date, EEOC shall provide the Settlement Administrator the names and last known addresses of the potential Eligible Claimants. Within 30 days of the Effective Date, the Claims Administrator shall mail to all potential Eligible Claimants a letter provided by EEOC informing them of the settlement and a release form, attached hereto as Exhibit B.

**G.** A potential Eligible Claimant becomes an Eligible Claimant upon returning a signed release to the Claims Administrator and causing it to be received by the Claims Administrator within 90 days of the Effective Date of the Decree (the "Claims Deadline"). On a rolling basis as received, the Claims Administrator will mail all executed releases to DSW and send copies to EEOC. ANY POTENTIAL ELIGIBLE CLAIMANT WHOSE EXECUTED RELEASE IS NOT ACTUALLY RECEIVED BY THE CLAIMS ADMINISTRATOR BY THE CLAIMS DEADLINE SHALL BE DEEMED, WITHOUT FURTHER ACT OR DEED BY

ANY PERSON OR THE COURT, TO BE INELIGIBLE FOR AND FOREVER BARRED FROM RECEIVING ANY PAYMENTS OR OTHER RELIEF UNDER THIS DECREE. In the event that a potential Eligible Claimant does not provide a signed release by the Claims Deadline, his/her allocation of the Settlement Fund under this section shall be allocated to the charity identified in sub-section H.4., below.

    **H.**    The Claims Administrator shall make payments to the Eligible Claimants as follows:

1. On a rolling basis, the Claims Administrator shall issue checks to each Eligible Claimant within 15 business days after the Claims Deadline. Checks shall be mailed via U.S. certified mail to the address provided by the Claimant on his/her release. Simultaneously, the Claims Administrator shall send to the EEOC by mail or electronic mail a copy of each check.

2. DSW will issue an IRS form W-2 to each Eligible Claimant reflecting the amount paid to that individual. In the case of Named Claimants identified above, DSW will also issue an IRS form 1099 for the non-wage allocation of their distribution under this Decree.

3. The Claims Administrator shall promptly notify EEOC in writing of 1) any releases that are returned undelivered, 2) any checks that are returned unclaimed, and 3) any checks that are not cashed after a period of thirty (30) days has elapsed from the date on which the settlement checks were mailed by the Claims Administrator. EEOC may take, at EEOC's expense, further steps to reach those Eligible Claimants who did not receive and/or cash their settlement checks. DSW shall be responsible for all costs related to stopping payment on undelivered checks, and mailing new checks if an original check

was not received by an Eligible Claimant. In the event that any Eligible Claimant's check is undeliverable, and the EEOC determines that the Eligible Claimant cannot be located (hereafter referred to as a "missing Eligible Claimant"), the missing Eligible Claimant shall not be paid under the Decree and the portion of the Settlement fund that had been allocated to the missing Eligible Claimant shall be allocated to the charity identified in sub-section H.4., below.

4. In the event that any portion of the Settlement Fund has not been distributed as required by this Decree, those allocated but unpaid portions of the Settlement Fund shall be deemed the "Settlement Remainder." After a period of 180 days has elapsed from the date on which the settlement checks were mailed by the Claims Administrator, the Settlement Remainder shall be paid to Employment for Seniors, Inc. In no event shall there be any reversion of any part of the Settlement Fund to DSW.

**I.** All costs associated with the distribution of the Settlement Fund to Eligible Claimants shall be paid by DSW, including without limitation, all postage costs related to the issuance and mailing of checks from the Settlement Fund and all costs associated with stopping payment on checks.

**X. REFERENCES**

DSW shall supply certain basic employment information in response to any inquiries or reference checks regarding the Eligible Claimants. Eligible Claimants must direct anyone seeking a reference to "The Work Number" at www.theworknumber.com or 1-800-367-5690. The Work Number will verify employment at Defendant, and where requested, an Eligible Claimant's income. Instructions for proper access to The Work Number are attached at Exhibit

X. No mention of the litigation will be made as part of the information provided by The Work Number. The parties acknowledge that DSW will not be considered to have breached this paragraph of the Decree if an Eligible Claimant fails to direct a prospective employer to The Work Number.

## XI. NOTIFICATION OF SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant DSW. Defendant, and any successors of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## XII. DISPUTE RESOLUTION

The parties will attempt to resolve any disputes regarding the enforcement of this Consent Decree by informal consultation before seeking enforcement through the judicial process. The EEOC will notify by email, DSW's undersigned counsel if it has any reason to believe that any act or omission by DSW is in violation of the Consent Decree. DSW shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the EEOC, by written report addressed to the Regional Attorney at the EEOC's Chicago District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of DSW's report, the EEOC concludes that the deficiency has not been satisfactorily cured by DSW, the EEOC may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during

the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of consultation as set forth in this Section.

## XIII. COMPLIANCE REVIEW

The EEOC may review DSW's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to DSW's attorney of record at least five (5) business days in advance of any inspection of DSW's documents or premises. Upon such notice, DSW shall allow representatives of the EEOC to review DSW's compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

## XIV. COSTS AND ATTORNEYS FEES

Each party shall bear that party's own costs and attorney's fees.

**By the Court:**

**IT IS SO ORDERED.**

Dated: 9/19, 2014

_____
Hon. Gary Feinerman
United States District Judge

| DSW, INC. BY CONSENT: | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|
| | P. David Lopez<br>General Counsel |
| By: /s Christopher J. DeGroff<br>Christopher J. DeGroff | |
| | James L. Lee<br>Deputy General Counsel |
| SEYFARTH SHAW LLP<br>131 S. Dearborn Street, Suite 2400<br>Chicago, IL 60603-5577<br>Telephone: (312) 460-5982 | 131 M Street, NE, 5th Floor<br>Washington, D.C. 20507 |
| ATTORNEY FOR DEFENDANT | /s John C. Hendrickson<br>John C. Hendrickson<br>Regional Attorney |
| | /s Diane I. Smason<br>Diane I. Smason<br>Supervisory Trial Attorney |
| | /s Jeanne B. Szromba<br>Jeanne B. Szromba (#6207846)<br>Laura R. Feldman (#6296356)<br>Trial Attorneys |
| | Chicago District Office<br>EEOC<br>500 W. Madison, Suite 2000<br>Telephone: (312) 869-8108 |
| | ATTORNEYS FOR PLAINTIFF |

## EXHIBIT A

## NOTICE TO ALL DSW EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. DSW, Inc., No. 14 cv 7153, settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against DSW, Inc. ("DSW").

In its suit, EEOC alleged that DSW subjected employees aged forty and older to discrimination due to their age, by terminating their employment during a reduction in force, and that DSW retaliated against employees who opposed orders to discriminate on the basis of age, in violation of the Age Discrimination in Employment Act of 1967 ("the ADEA").

To resolve the case, DSW and EEOC have entered into a Consent Decree (a public settlement) which requires, among other things, that:

1) DSW will pay monetary relief to a class of employees;

2) DSW will not discriminate on the basis of age;

3) DSW will not retaliate against any person because he or she opposed any practice made unlawful by the ADEA, filed an ADEA charge of discrimination, participated in any ADEA proceeding, or asserted any rights under the Consent Decree;

4) DSW will distribute a policy against age discrimination and retaliation to be distributed to all of its employees; and

5) DSW will train all Corporate Home Office management personnel and store-level managers in the Midwest Region regarding their duties and obligations to avoid age discrimination or retaliation. DSW will also train all employees in Illinois on their employment rights, including the right to be free from age discrimination or retaliation and how to complain if they believe they are victims of discrimination or retaliation.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8000. EEOC charges no fees. EEOC has a TTD number and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: DSW Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661, 312-869-8108.**

9/19/2014
Date

The Honorable Gary Feinerman
United States District Court Judge

## EXHIBIT B

## RELEASE AGREEMENT

In consideration for $ _____ paid to me by DSW, Inc., in connection with the resolution of <u>EEOC v. DSW, Inc.</u>, 14-cv-7153 (N.D. Ill.), I waive my right to recover for any claims of age discrimination and/or retaliation arising under the Age Discrimination in Employment Act of 1967 ("the ADEA") that I had against DSW, Inc. prior to the date of this release that were raised in the above-referenced lawsuit.

Date: _____     Signature: _____

                                             Printed Name: _____

Address: _____
              Street and Number             Apartment number (if any)

_____
              City/Town                             Zip Code